FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN W. ZUFALL and TAMARA S. ZUFALL,<br><br>    Plaintiffs,<br><br>    v.<br><br>CEDAR BUILDERS, INC., CEDAR PROPERTY MANAGEMENT (CB), and SCOTT NACCARATO,<br><br>    Defendants. | No. 2:21-CV-00325-SAB<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Summary Judgment, ECF No. 28. The Court held a hearing on the motion by videoconference on December 1, 2022. Defendant was represented by William Walsh, who appeared by video. Plaintiff was represented by Andrew Biviano and Matthew Crotty, who both appeared by video.

The Court took the motion under advisement. After considering the briefing, the caselaw, and the parties' arguments, the Court denies Defendants' Motion for Summary Judgment.

**Facts**

The following facts are taken in the light most favorable to Plaintiff, the non-moving party. Plaintiff Kevin Zufall worked for Defendants Cedar Builders,

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 1

Inc. and/or Defendant Cedar Property Management, Inc. (collectively referred to as "Cedar") for approximately 18 years, primarily as a Maintenance Tech, prior to his termination on March 11, 2021. Plaintiff Tamara Zufall worked for Cedar for over five years, first as a cleaner and eventually as a Commercial Property Manager/Collection Agent, prior to her termination that was also on March 11, 2021.

On March 5, 2021, Kevin Zufall filed a written complaint of racial discrimination and harassment with Defendants. Mr. Zufall, a white man, filed the complaint informing his employer that he believed an African American coworker named John Cortes was being subjected to discrimination and harassment by the Cedar Office Manager, Leanne Garrison. Zufall claimed that he felt Mr. Cortes was being singled out for a limited number of negative reviews, targeted for discipline, and his potential for termination based on minor resident complaints that were allegedly greater than other employees. Mr. Zufall also reported that Ms. Garrison referred to Mr. Cortes as "your boy." After hearing this comment by Ms. Garrison, Mr. Zufall delivered a letter noting the alleged harassment to Defendant Scott Naccarato. When Mr. Zufall delivered the letter, Mr. Naccarato allegedly stated, "I'm so sick and tired of everyone claiming discrimination/harassment every time someone has an issue with the company. I'm tired of this bullshit."

Three days later, on March 8, 2021, Mr. Naccarato set up a meeting between Mr. Zufall and Ms. Garrison to work on their interpersonal relationship. At the meeting, Ms. Garrison acknowledged referring to Mr. Cortes as Mr. Zufall's "boy." Mr. Zufall alleges that Mr. Naccarato, in his support of Ms. Garrison, said something to the effect of, "If I tell you to jump, you say how high? And if I tell any employee to stand on your head, we'll stand on your fucking head."

Furthermore, at the March 8, 2021 meeting, Mr. Naccarato stated that Ms. Garrison "can do no wrong", to just do your jobs and nothing else, and that Mr.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 2

Zufall only filed the complaint because of a personal vendetta against Ms. Garrison. Mr. Naccarato told Mr. Zufall that it was not his job to be other staff's "union representative." Mr. Naccarato later admitted getting angry, swearing, and affirmed the quote in his testimony. Mr. Naccarato further testified that he did not believe this report at all, but that he thought it was a personal vendetta that Mr. and Ms. Zufall had against Ms. Garrison.

A few days later, on March 11, 2021, Mr. Zufall went to Mr. Naccarato to inquire whether he decided on a course of action for the discrimination complaint. At that time, Mr. Naccarato informed Mr. Zufall of his immediate termination. The same day Mr. Naccarato fired Mr. Zufall, he went on to fire Ms. Tamara Zufall with immediate effect.

Plaintiffs' counsel states written text messages on March 4, 2021 indicate that Mr. Naccarato had plans to keep Ms. Zufall on staff and "move her to a different position, and that no steps had been taken to terminate her." Furthermore, no serious reprimands or concerns were placed in her employment file. There were discussions about transferring Ms. Zufall only days before she was fired. Mr. Naccarato testified that it was his practice to direct people to put serious employment concerns or reprimands in employees' files, but he did not know of any reprimands in Ms. Zufall's file.

Mr. Zufall described Mr. Cortes' scores on maintenance surveys as "pretty average" and that he did not get along with Ms. Garrison. Throughout February 2021, Mr. Cortes received several negative survey responses. Ms. Garrison does not dispute that she referred to Mr. Cortes as Mr. Zufalls' boy.

### Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 3

1  matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless
2  there is sufficient evidence favoring the non-moving party for a jury to return a
3  verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250
4  (1986). The moving party has the initial burden of showing the absence of a
5  genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
6  If the moving party meets its initial burden, the non-moving party must go beyond
7  the pleadings and "set forth specific facts showing that there is a genuine issue for
8  trial." *Anderson*, 477 U.S. at 248.

9        In addition to showing there are no questions of material fact, the moving
10 party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of*
11 *Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled
12 to judgment as a matter of law when the non-moving party fails to make a
13 sufficient showing on an essential element of a claim on which the non-moving
14 party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party
15 cannot rely on conclusory allegations alone to create an issue of material fact.
16 *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

17       When considering a motion for summary judgment, a court may neither
18 weigh the evidence nor assess credibility; instead, "the evidence of the non-movant
19 is to be believed, and all justifiable inferences are to be drawn in his favor."
20 *Anderson*, 477 U.S. at 255.

21       Under Title VII and WLAD, it is unlawful for an employer to discriminate
22 against an employee because the employee has opposed an unlawful employment
23 practice or filed a charge, testified, assisted, or participated in an investigation or
24 proceeding pursuant to Title VII or WLAD. *See* 42 U.S.C. § 2000e-3(a); Wash.
25 Rev. Code § 49.60.210(1). Washington courts look to federal law under Title VII
26 when analyzing retaliation claims under WLAD, so both claims may be assessed
27 together. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir. 2003).
28 //

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 4

## Discussion

As the Ninth Circuit has explained, "[as] a general matter, plaintiffs in an employment discrimination action need produce very little evidence to overcome an employer's motion for summary judgment. This is because "the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." *Chuang v. Univ. of Calif. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quotation omitted). Moreover, under the *McDonnell Douglas* framework, "the requisite degree of proof necessary to establish a prima facie case for Title VII on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Id.* (quotation omitted).

Here, there are simply too many genuine disputes of material fact for summary judgment to be appropriate at this time. A reasonable jury could find that Defendants terminated Plaintiffs in retaliation for Mr. Zufall's complaint alleging discrimination. Thus, the Court denies Defendant's Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, ECF No. 28, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 16th day of December 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** # 5